NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MICHELLE A. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>          Plaintiff,<br><br>     vs.<br><br>GRANDVIEW ENTERPRISES, INC., a Washington Profit Corporation,<br><br>          Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one of its divisions, which division has its principal place of business in Orange County, State of California.

2.      Defendant Grandview Enterprises, Inc. ("Grandview") is, and at all times relevant to this action, was, a Washington Profit Corporation incorporated in the State of Washington with its principal place of business in Clark County, State of Washington.  Thus, Grandview is a citizen of the State of Washington.

3.      The obligations sued upon herein are commercial in nature, and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801 *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981 *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4.      Pursuant to the Equipment Financing Agreement described herein, Defendant agreed that document would be governed by the laws of the State of California.  The Equipment Financing Agreement provides, in pertinent part:

> **General.** This Agreement **will be governed and construed under the laws of the State of California** without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. **You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

5.      <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

1

Salisian LLP

6.    Specifically, as described above, Plaintiff is a citizen of the States of Georgia and California, and Grandview is a citizen of the State of Washington.  As Grandview is neither a citizen of California nor a citizen of Georgia, there exists complete diversity of citizenship between Plaintiff and Defendant.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

7.    <u>Venue</u>.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

8.    All officers of the Plaintiff, including all witnesses, and all of the Plaintiff's documents are located in Orange County, State of California.  The transactions at issue in this Action occurred in Orange County, State of California.

### FIRST CAUSE OF ACTION
**(Breach of Equipment Financing Agreement)**
**(Against Grandview)**

9.    Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10.   Prior to January 2024, Balboa is informed and believes that Grandview initiated and engaged with Tom McLeod Software Corporation (the "Equipment Vendor") located at 2550 Acton Road, Suite 104, Birmingham, AL 35243, in order to coordinate the acquisition and financing of certain equipment for its business (the "Collateral").  The Equipment Vendor worked with Grandview in the selection of the Collateral and in coordinating its delivery.

11.   Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated the submission of Grandview's electronic credit application to Balboa and other financial institutions.  Upon review, Grandview concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements.  Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation, and

COMPLAINT

Salisian LLP

financial information from Grandview to finance the Collateral being supplied by the Equipment Vendor.

12.     On or about January 3, 2024, Grandview executed Equipment Financing Agreement No. 245652-002 (the "EFA"), under the terms of which Balboa loaned to Grandview the sum of One Hundred Twenty-One Thousand Four Hundred Sixty Dollars and Thirty-Three Cents ($121,460.33) to finance the Collateral for its business.  The EFA required Grandview to make six (6) monthly payments of $100.00, followed by fifty-four (54) monthly payments of $2,799.94, payable on the 7th day of each month beginning March 7, 2024.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13.     The last payment received by Balboa was credited toward the monthly payment due for March 7, 2026.  Therefore, on or about April 7, 2026, Grandview breached the EFA by failing to make the monthly payment due on that date.  Grandview's failure to make timely payments is a default under the terms of the EFA.

14.     In accordance with the EFA, and as a proximate result of Grandview's default thereunder, Balboa declared the entire balance of payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $97,997.90.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Grandview.

15.     Pursuant to the "Default and Remedies" section on page 3 of the EFA, in the event of a default, Balboa may: "… (c) accelerate and declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us …"  Balboa's calculation of the 3% discount is made pursuant to a present-value ("PV") accounting formula that is calculated to discount each future monthly accelerated payment down to what the present value would be in today's dollar figure.  For example, a payment owed exactly one year from today would be discounted by the full 3%, whereas earlier payments would be

3

COMPLAINT

Salisian LLP

discounted by less, and further payments would be discounted by more.  Based upon this formula, Balboa calculated that the PV amount due totaled $88,804.57 ("PV'd Total").

16.     In addition to the PV'd Total, between the date of default and the initiation of this action, Defendant owed two (2) past due monthly payments for April 7, 2026, and May 7, 2026, for a total amount of $5,599.88, which was not discounted by the PV calculation in accordance with the explicit terms of the EFA. Accordingly, there became due the sum of $94,404.45.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

17.     Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by Grandview's conduct.

18.     As a proximate result of Grandview's breach of the EFA, Balboa has been damaged in the sum of **$94,404.45**, plus prejudgment interest from April 7, 2026, until the entry of judgment herein.

19.     Further, under the terms of the EFA, Grandview promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in enforcing the EFA.  Therefore, Balboa requests that the Court award Balboa its reasonable attorneys' fees and costs against Grandview.

20.     The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance.  Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

//

//

//

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

**On All Causes of Action:**

1.      The sum of $94,404.45;

2.      Prejudgment interest from April 7, 2026, to the date of entry of judgment;

3.      An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4.      Reasonable attorneys' fees and costs;

5.      Costs of suit as provided by law; and

6.      Such other and further relief that the Court considers proper.


DATED: June 2, 2026                  **SALISIAN LLP**


By: _____
        Jared T. Densen
        Patty W. Chen
        Neal S. Salisian

        *Attorneys for Plaintiff*
        AMERIS BANK d/b/a BALBOA CAPITAL

5

COMPLAINT

Salisian LLP